UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DEBORAH EMOND,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>    Defendant. | No. CV-10-0156-CI<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-Motions for Summary Judgment. (ECF No. 15, 18.) Attorney Maureen J. Rosette represents Deborah Emond (Plaintiff); Special Assistant United States Attorney David R. Johnson represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (ECF No. 9.) After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment, and directs entry of judgment for Defendant.

## JURISDICTION

Plaintiff protectively filed for disability insurance benefits (DIB) and supplemental security insurance (SSI) on March 30, 1999. (Tr. 565.) She alleged disability due to back and foot problems, with an onset date of July 14, 1993. (Tr. 126.) Benefits were denied initially and on reconsideration. (*Id*.) Plaintiff requested an ALJ hearing, which was held before ALJ E. P. Nichols on July 20,

1 | 2000.  ALJ Nichols denied benefits on September 5, 2000.  (Tr. 67-
2 | 68, 524-35.)

Thereafter, the procedural history is complicated.  As explained by the ALJ:

> The record showed that this decision was not appealed and thus, became final and binding, as noted in the U.S. District Court of Eastern Washington Order dated July 12, 2006.  It is further noted in the Order that the first Administrative Law Judge's findings were entitled to res judicata consideration.  Considerations of res judicata, collateral estoppel, and administrative finality preclude further review of the issues determined therein, i.e., the issue of claimant's disability/non-disability prior to September 5, 2000.  The claimant's date last insured for Title II benefits is March 31, 1999.  Therefore, on September 14, 2006, Administrative Law Judge Hood issued an order of dismissal finding that it had already been determined that the claimant was not entitled to Title II benefits, and that decision was final and binding.

(Tr. 565.)

In September 2006, Plaintiff requested a review of ALJ Hood's decision, arguing that review of ALJ Nichols' unfavorable decision dated September 5, 2000, had never been denied by the Appeals Council.  (Tr. 565, 625, 627-28, 676.)  In July 2007, the Appeals Council determined it was unable to locate the files connected with this claim.  It remanded the matter for a new hearing and allowed Plaintiff to submit new evidence.  (ECF No. 16 at 2; Tr. 631-32.)

A new hearing was held on June 25, 2008, before ALJ Paul L. Gaughen.  (Tr. 652-74).  Because Plaintiff was granted SSI benefits as of October 2000, the only claim before the ALJ was for DIB.  (Tr. 661.)  Plaintiff did not appear, but was represented by counsel who waived Plaintiff's right to appear.  (Tr. 657-58.)  Medical expert Henry K. Hamilton, M.D., and vocational expert Deborah Lapoint (VE)

testified. (Tr. 654-74.)[1] ALJ Gaughen denied Plaintiff's DIB claim on October 10, 2008, and the Appeals Council denied review. (Tr. 565-74, 555-57.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

Because DIB benefits are sought, Plaintiff must show she was disabled on or before her date of last insured, March 31, 1999. Thus, the relevant period on review is from Plaintiff's alleged onset date through her date of last insured. (Tr. 565-66.)

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

---

[1] The record before the court also includes transcripts of prior ALJ hearings in 2000 and 2002, in which Plaintiff testified, as well as medical records dating from 1991 to 2008.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**SEQUENTIAL EVALUATION**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. 20 C.F.R. §§ 404.1520(a), 416.920(a). At step five, the burden shifts to the Commissioner to show that (1) the claimant can perform other substantial gainful activity; and (2) a "significant number of jobs exist in the national economy" which claimant can perform. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

### STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. Plaintiff was 39 years old on her date of last insured. (Tr. 573.) She had a high school education and past work experience as a fast food worker.

(Tr. 572-73.) She claimed she could not work due to foot and back pain. (Tr. 529-30.)

**ADMINISTRATIVE DECISION**

ALJ Gaughen found Plaintiff's date of last insured for DIB purposes was March 31, 1999. (Tr. 568.) At step one, he found Plaintiff did not engage in substantial gainful activity since her alleged onset date. (*Id*.) At step two, he found Plaintiff had severe impairments of bilateral foot pain and degenerative disk disease of the lumbar spine through the date of last insured. (Tr. 568.) At step three, the ALJ found Plaintiff's impairments through the date of last insured did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing). At step four he found Plaintiff's statements regarding her symptoms and limitations were not credible. He determined that, through her date of last insured, Plaintiff had the residual functional capacity (RFC) to perform sedentary work "except she can occasionally lift and carry 20 pounds, and frequently carry 10 pounds. She also needs to be able to periodically alternate between siting, standing, or walking." (Tr. 570.) Considering her RFC to perform a "reduced level of sedentary work," and VE testimony, he found Plaintiff could not perform her past relevant work during her insured status period. (Tr. 572.) At step five, he found other jobs existed in significant numbers in the national economy that she could have performed prior to her date of last insured. (Tr. 573.) The representative occupations identified by the VE were telemarketer and garage ticket seller. The ALJ concluded Plaintiff was not disabled, as defined by the Social Security Act, from her alleged onset date through the

date of last insured.

## ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues the ALJ erred when he: (1) rejected her treating physician's opinions; (2) found she could perform sedentary work; and(3) improperly rejected her self-reported limitations. (ECF No. 16.) Defendant contends the ALJ's decision is supported by substantial evidence and free of legal error. (ECF No. 19.)

## DISCUSSION

**A.   Evaluation of Medical Source Opinions**

In disability proceedings, the ALJ evaluates the medical evidence submitted and must explain the weight given to the opinions of accepted medical sources in the record.  The Regulations distinguish among the opinions of three types of accepted medical sources: (1) sources who have treated the claimant; (2) sources who have examined the claimant; and (3) sources who have neither examined nor treated the claimant, but express their opinion based upon a review of the claimant's medical records.  20 C.F.R. §§ 404.1527, 416.927.  A treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a non-examining reviewing or consulting physician's opinion. *Benecke v. Barnhart,* 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  The Commissioner must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of a treating or examining physician. *Lester*, 81 F.3d at 830.  If the medical opinion is

contradicted, it can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Id. Andrews,* 53 F.3d at 1043.

Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as "specific," "legitimate" reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). Medical opinions based on a claimant's subjective complaints also may be rejected where the claimant's credibility has been properly discounted. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

Where an ALJ determines a treating or examining physician's stated opinion is materially inconsistent with the physician's own treatment notes, legitimate grounds exist for considering the purpose for which the doctor's report was obtained and for rejecting the inconsistent, unsupported opinion. *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996). Rejection of an examining or treating medical source opinion is specific and legitimate where the medical source's opinion is not supported by his own medical records and/or objective data. *Tommasetti v. Astrue*, 533 F.3d 1035 (9th Cir. 2008).

**1. Treating physician William Grabill, M.D.**

In her credibility argument, Plaintiff contends her treating physician "consistently stated that [she] needed to do intermittent

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

elevation of her feet with icing for relief." (ECF No. 16 at 16.) In support of her argument, she cites evidence from physical evaluation forms completed in 1998, 1999, 2000 and 2001, signed by general practitioner and treating physician, James Grabill, M.D. (Tr. 501-02, 503-04, 15-16, 19-20.) A review of the referenced reports shows Dr. Grabill noted treatment with "elevation of feet and intermittent application of cold," but observed this treatment was "ineffective," with "transient benefits." (Tr. 502, 504, 16, 20.) No other treatment was mentioned by Dr. Grabill. He concluded Plaintiff was "severely limited" in her ability to perform work activities, and her condition was "permanent." (*Id.*) Plaintiff argues because ALJ did not give "specific and legitimate" reasons for rejecting these opinions, they must be credited and the Commissioner's decision be reversed. (ECF. No. 16 at 13-15.)

    The ALJ specifically gave "little weight" to these check box reports completed by Dr. Grabill because they were completed for public assistance purposes. (Tr. 498-504, 571.) While the purpose for which a medical report is obtained generally is not a legally sufficient reason to reject treating physician opinions, *see Lester*, 81 F.3d at 832, it is not the only reason the ALJ discounted Dr. Grabill's findings. Therefore, this error does not require crediting the opinion. *See, e.g., Carmickle*, 533 F.3d at 1162 (one invalid reason in findings did not invalidate ALJ's decision). Further, rejection of a check box report that is unsupported by clinic notes or explanation is permissible. *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996). Finally, where the ALJ rejects a conclusory opinion that is "unsupported by any objective medical

findings, personal observations or test reports," and is "directly contradicted by the conclusions of a number of other treating physicians whose opinions were based on objective medical findings," it is permissible to consider the purpose for which the opinions were rendered. *Burkhart v. Bowen*, 856 F.2d 1335, 1339 (9th Cir. 1988).

Here, the ALJ reasoned Dr. Grabill's check-box reports did not contain significant explanation, were without substantial support from other evidence of the record, and other doctors who filled out reports for public assistance purposes found Plaintiff could do light to sedentary work. (Tr. 572.) The ALJ also noted inconsistency between Dr. Grabill's May 1994 letter and later reports relied upon by Plaintiff. (Tr. 572.) In May 1994, Dr. Grabill opined Plaintiff's problems were related to walking and standing for long periods and she was "advised to seek employment that would not involve extensive standing or walking." (Tr. 498, 572.) In the relied upon check box reports (1998-2000), Dr. Grabill concluded she was severely limited, permanently. However, the medical evidence does not include clinic notes, examination findings or medical test results from Dr. Grabill to explain what changed to render Plaintiff so severely limited that she was unable to walk or stand. In contrast, as discussed by ALJ Gaughen, the record includes medical evidence from podiatry specialists Kirk Sherris, DPM (Doctor of Podiatric Medicine)[2] and Michael Gaeta, DPM; Waldon

---

[2] A licensed podiatrist for purposes of establishing impairments of the foot is an acceptable medical source. 20 C.F.R.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

Kurtz, M.D., and osteopath Scott Schaff, D.O., all of whom examined Plaintiff during the relevant period. (Tr. 568.) These reports do not reflect the level of severity reported by Dr. Grabill.

In May 1994, Plaintiff was referred by Dr. Grabill to Dr. Sherris, a foot specialist. (Tr. 282.) Dr. Sherris' report includes examination findings and diagnoses of plantar fasciitis and heel spur syndrome, with possible nerve entrapment. (Tr. 278.) He treated Plaintiff with taping and orthotics; by December, Plaintiff reported improvement and was discharged from treatment. (Tr. 276.) On discharge, Dr. Sherris noted heel tenderness and opined she could perform light to medium work. (Tr. 422-23.)

There are no medical reports after that until 1997. In January 1997, Plaintiff was examined by Waldon Kurtz, M.D. (Tr. 287.) Plaintiff reported orthotics prescribed in 1994 had helped her, but they wore out and she did not get them replaced. *Id*. Her only treatment had been elevating her feet and alternating hot and cold packs for pain relief. She took no medication for pain. (*Id*.) Dr. Kurtz noted Plaintiff's self-report that she "could only walk about an hour and stand about an hour." (Tr. 287.) She also reported living alone, and doing her own cooking, housework and grocery

---

§ 404.1513(a)(4). The opinions of specialists generally are given more weight than the opinions of medical sources who not specialists in the relevant practice. 20 C.F.R. § 404.1527(d)(5). Although Plaintiff's attorney assumed at the hearing that Dr. Grabill is a podiatrist (Tr. 665-66), his written report indicates he is a medical doctor in general practice. (Tr. 502, 504.)

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

shopping. (*Id*.) Dr. Kurtz observed excellent motor strength and hand grasp, and no assistive device. (Tr. 288.) The functional assessment was limited to, "she has not been able to work because she cannot really walk or stand on her feet for any length of time at all." (Tr. 290.)

In January 1998, an agency physician assessed Plaintiff as capable of sedentary work. (Tr. 292-98.) Plaintiff was examined in August 1998 by Michael Gaeta, DPM, at which time Plaintiff reported no treatment except orthotics since 1994. She stated she was unable to tolerate more than two hours standing. (Tr. 424.) She reported taking two ibuprofen at night for pain relief. Dr. Gaeta described his examination findings and found her reported pain "out of proportion for plantar fasciitis, overuse injury," with no structural or functional foot pathology to explain her chronic foot disability. (Tr. 425.) Dr. Gaeta recommended a variety of treatment therapies, including physical therapy. (*Id*.) His accompanying check box report indicates Plaintiff could perform sedentary to light work, with foot pain limiting mobility. (Tr. 429.)

Independent review shows patient care notes dated January 1999 indicate Plaintiff was seeking relief for low back pain due to muscle strain from lifting boxes. She did not indicate problems with her feet. (Tr. 459.) A review of systems in February 1999 indicated non-tender, normal range of motion in her extremities. (Tr. 457.) As found by the ALJ, Plaintiff was evaluated by Scott Schaff, D.O., in August 1999. (Tr. 568.) A copy of the evaluation was sent to Dr. Grabill. (Tr. 507.) Dr. Schaff diagnosed bilateral

plantar fasciitis as causing the majority of Plaintiff's symptoms. Imaging revealed no evidence of heel spur. She was continued on anti-inflammatory therapy and given a heel cup, which resolved her heel pain by October 1999. (Tr. 508.) To address her low back pain complaints, Dr. Schaff started her on physical therapy. *Id*. These reports, as summarized by the ALJ, evidence significant inconsistency with Dr. Grabill's unexplained conclusions regarding severity and treatment effectiveness.

The ALJ's summary of medical evidence from Drs. Kurtz, Gaeta and Schaff and inferences reasonably drawn from that summary constitute substantial evidence to support the ALJ's finding that Plaintiff is capable of sedentary work. (Tr. 568-69, 571.) The ALJ did not err in giving little weight to Dr. Grabill's unsupported and unexplained opinions. *Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir. 2002) (ALJ not obliged to accept treating opinion that is brief, conclusory and unsupported by clinical findings).

**2. Medical Expert Henry Hamilton, M.D.**

Plaintiff also argues the ALJ erred in the weight given to the non-examining medical expert's testimony. (ECF No. 16 at 14.) Specifically, she contends the medical expert deferred to Dr. Grabill's opinions about her limitations because "he had a better sense of what was going on with Ms. Emond." (*Id.;* Tr. 665.) This argument is unpersuasive.

As discussed above, the opinions of an examining medical source generally are given more weight than a non-examining medical source. However, the analysis and opinion of a non-examining medical expert selected by an ALJ may be helpful in his adjudication and may serve

as substantial evidence when supported by other evidence in the record.  *Andrews,* 53 F.3d at 1041 *(citing Magallanes v. Bowen,* 881 F.2d 747, 753 (9th Cir. 1989).

    Dr. Hamilton, an orthopedic surgeon (Tr. 666), reviewed the entire record and testified the objective medical evidence indicated foot problems with a variety of diagnoses.  Based on the objective evidence, he concluded Plaintiff would be able to perform sedentary work involving occasional lifting less than 20 pounds, frequent lifting or carrying small articles and sitting for six hours and standing or walking for two hours in an eight-hour workday.  (Tr. 511, 664.) On cross-examination, Dr. Hamilton declined to speculate on limitations caused by Plaintiff's self-reported pain, and noted that her treating physician's evaluation was based on Plaintiff's subjective reports.  (Tr. 665-65.)

    It is the ALJ's responsibility to resolve conflicts in medical evidence.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999); *Andrews,* 53 F.3d at 1039.  Further, no special significance is given to a medical source opinion on issues reserved to the Commissioner.  20 C.F.R. § 404.1527(e).  As discussed above, the ALJ gave specific and legitimate reasons for giving little weight to Dr. Grabill's opinion that Plaintiff is severely limited.  The ALJ's reliance on Dr. Hamilton's assessment that Plaintiff could perform sedentary work is supported amply by objective evidence, as well as opinions from examining specialists.  Because Dr. Hamilton was asked to summarize the objective medical evidence and opine as to diagnoses and severity supported by that evidence, his stated reluctance to

speculate on limitations caused by Plaintiff's subjective pain is not probative to the weight given his expert opinions in the ALJ's final RFC determination. The ALJ did not err in his consideration of Dr. Hamilton's testimony.

**B.   Credibility**

Plaintiff argues the ALJ failed to give "clear and convincing" reasons for discounting statements she made at ALJ hearings in 2000 and 2002. (ECF No. 16 at 15-16.) She contends the unrejected testimony should be credited, which would lead to a finding of disabled. Specifically, she argues the court should credit allegations that she only was able to be on her feet for about a half hour; she could not sit for long without experiencing numbness; and she needed to lie down and elevate her feet for two to three hours, three times a day, to relieve foot and leg pain. (ECF No. 16 at 15; Tr. 528-29, 543, 545.)

Although credibility determinations are the sole province of the ALJ, when the adjudicator finds a claimant's statements regarding the severity of impairments and limitations are not credible, he must make a credibility determination with findings sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit claimant's allegations. *Richardson,* 402 U.S. at 400; *Thomas,* 278 F.3d at 958-59; *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc); *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). Nonetheless,

> An ALJ cannot be required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A). . . . This holds true even where the claimant introduces medical evidence showing that he has an ailment reasonably expected to produce *some* pain;

>many medical conditions produce pain not severe enough to preclude gainful employment.

*Fair*, 885 F.2d at 603. Further, in assessing credibility, the ALJ does not need to totally reject or accept a claimant's statements – based on consideration of all the evidence in the record, the ALJ may find the claimants statements regarding limitations, symptoms, and pain credible "to a certain degree." *SSR* 96-7p.

As mentioned above, the period at issue in this review is between July 1993 through March 31, 1999, the date Plaintiff was last insured. In his credibility findings, the ALJ specifically considered statements made in Plaintiff's Daily Activities Questionnaire, dated May 28, 1999. (Tr. 570, 404-07.) As noted by the ALJ, in her May 1999 questionnaire, Plaintiff indicated she experienced pain and fatigue if she walks, bends or sits for more than an hour; her household chores took longer because she needed to take breaks, she naps and rests two to three hours a day, takes over the counter pain medication three to four times a day and uses a cane when she "does any walking." (Tr. 570, *see* Tr. 404-06.)

The ALJ "pointed to specific facts in the record" to show Plaintiff's pain allegations were not credible. *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). He specifically noted inconsistencies between her statements and objective medical evidence; her lack of treatment for allegedly disabling foot problems between 1993 and 1998; the lack of prescribed medication for allegedly disabling pain; statements to her medical provider indicating she could stand for two hours; and evidence of activities that reflects greater physical capabilities than reported in the

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 16

questionnaire.  (Tr.  571; 287; 293-98; 423-24; 459.) These "clear and convincing" reasons are supported by the record. *Fair v. Bowen*, 885 F.2d 597 n.5 (9th Cir. 1989); *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).  (*See also* Tr. 422-23, 424-25, 438.)

As discussed above, the medical record shows during the period at issue, Plaintiff's heel pain was resolving with proper shoes and orthotics by May 1994.  (Tr. 422-23.)  In August 1994, Dr. Grabill opined she could do sedentary work.  (Tr. 500.)  As found by the ALJ, the record shows she did not seek medical treatment for her foot pain between 1994 and January 1998.  Lack of medical treatment and failure to follow treatment recommendations for allegedly disabling impairments is a "clear and convincing" reason to discount a claimant's complaints. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).  She reported to examining physicians she was able to stand and walk up to two hours, and Dr. Gaeta observed her reports of pain were "out of proportion" for her diagnoses or overuse injury.  (Tr. 424-25.)  The ALJ credibility findings are legally sufficient and supported by substantial evidence.

Regarding Plaintiff's allegations that she cannot sit or stand for any length of time, ALJ Gaughen's final RFC determination specifically provides for a need to alternate between sitting, standing, and walking.  (Tr. 570.)  Further, as discussed by the ALJ, Plaintiff's credibility is undermined by the fact that she did not seek therapeutic remedies and her physicians did not prescribe medication for pain relief.  (Tr. 571.)  Having found Plaintiff's pain was not as intense as she claimed, the ALJ did not need to specifically address her claims that she had to elevate her feet for

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 17

relief with the frequency or duration alleged. The court can infer Plaintiff's allegations regarding the frequency and length of time needed to relieve her pain are likewise not fully credible. *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) (court may draw specific inferences from ALJ's findings); *see, also, Batson v. Comm'r of Soc. Sec. Admin*, 359 F.3d 1190, 1193 (9th Cir. 2004) (ALJ's findings upheld where supported by inferences reasonably drawn from record).

**C.   Final RFC Determination**

The RFC determination represents the most a claimant can still do despite her physical and mental limitations. 20 C.F.R. § 404.1545. The RFC assessment is not a "medical issue" under the Regulations; it is an administrative finding based on all relevant evidence in the record, not just medical evidence. *Id.* The final determination regarding a claimant's ability to perform basic work is the sole responsibility of the Commissioner. 20 C.F.R. § 404.1546; *SSR* 96-5p. No special significance may be given to a medical source opinion on issues reserved to the Commissioner. 20 C.F.R. § 404.1527(e).

ALJ Gaughen's RFC determination reflects a reasonable interpretation of the medical evidence in its entirety, as well as Plaintiff's credible testimony. As discussed above, the ALJ properly rejected Dr. Grabill's conclusions that Plaintiff was unable to walk or stand or lift more than two pounds. His findings that Plaintiff was capable of sedentary work with a sit/stand option between 1993 and March 31, 1999, is a reasonable interpretation of the entire record, which includes detailed reports from examining

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 18

physicians and expert assessments from agency reviewing physicians. Further, the ALJ properly included limitations supported by the record and Plaintiff's credible testimony. The ALJ did not err in his RFC findings at step four or his step five determination.

**CONCLUSION**

The Commissioner's determination of non-disability is supported by substantial evidence and free of legal error. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(ECF No. 15)** is **DENIED**;

2. Defendant's Motion for Summary Judgment **(ECF No. 18)** is **GRANTED.**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant, and the file shall be **CLOSED.**

DATED August 19, 2011.

                      S/ CYNTHIA IMBROGNO
                  UNITED STATES MAGISTRATE JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 19